**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH DAKOTA**



CHARLES L. NAIL, JR.
BANKRUPTCY JUDGE

---

FEDERAL BUILDING AND UNITED STATES POST OFFICE
225 SOUTH PIERRE STREET, ROOM 211
PIERRE, SOUTH DAKOTA 57501-2463

Telephone: (605) 945-4490
Fax: (605) 945-4491

January 23, 2009

Forrest C. Allred, Esq.
Chapter 7 Trustee
14 Second Avenue Southeast, Suite 200
Aberdeen, South Dakota 57401

James E. Carlon, Esq.
Attorney for Debtors
Post Office Box 249
Pierre, South Dakota 57501

> Subject:   *In re Leroy Dennis Benedict and Betty L. Fairbanks-Benedict*
>            Chapter 7; Bankr. No. 08-30008

Dear Trustee Allred and Mr. Carlon:

The matter before the Court is Trustee Forrest C. Allred's Motion for Sanctions. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c). As discussed below, Trustee Allred's motion will be granted, and an order for sanctions will be entered.

**Summary.** Leroy Dennis Benedict and Betty L. Fairbanks-Benedict ("Debtors") filed a petition for relief under chapter 7 of the bankruptcy code (doc. 1). On their schedule C (property claimed as exempt), Debtors included two Wells Fargo bank accounts.[1] Debtors valued one account at $0.00 and the other at $42.17 and claimed both exempt under S.D.C.L. § 43-45-4. Debtors did not list or claim exempt any accrued but unpaid wages that were owed to them on the petition date.

Trustee Allred filed a Motion for Turnover (doc. 21). He requested turnover of, among other things, the $420.33 balance of the first Wells Fargo bank account; the $50.72 balance of the second Wells Fargo bank account, less the $42.17 Debtors had claimed exempt; $346.12 of accrued but unpaid wages owed to Debtor Leroy

---

[1] Two other Wells Fargo bank accounts that Debtors described as their son's are not at issue.

Re:  *Leroy Dennis Benedict and Betty L. Fairbanks-Benedict*
January 23, 2009
Page 2

Benedict; and $1,309.64 of accrued but unpaid wages owed to Debtor Betty Fairbanks-Benedict.

Apparently in response to Trustee Allred's motion for turnover, Debtors amended their schedule C (doc. 22).  They claimed $1,309.64 (the entire amount) of Debtor Betty Fairbanks-Benedict's accrued but unpaid wages exempt under S.D.C.L. § 43-45-2(6), $0.00 of those same wages exempt under 11 U.S.C. § 541(d), and $0.00 of those same wages exempt under S.D.C.L. § 43-45-4; they claimed $0.00 of Debtor Leroy Benedict's accrued but unpaid wages exempt under S.D.C.L. § 43-45-4, $0.00 of those same wages exempt under 11 U.S.C. § 541(d), and $346.12 (the entire amount) of those same wages exempt under S. D. C. L. § 43-45-2(6); they claimed $420.33 (the entire balance) of the first Wells Fargo bank account exempt under 11 U.S.C. § 541(d) and $0.00 of that account exempt under S.D.C.L. § 43-45-4; and they claimed $42.14 (all but $.03 of the balance) of the second Wells Fargo bank account exempt under 11 U.S.C. § 541(d) and $0.00 of the balance of that account exempt under S.D.C.L. § 43-45-4.[2]

Debtors also filed a response to Trustee Allred's motion for turnover (doc. 30).[3] They argued Trustee Allred's motion should be denied because:  (1) they had amended their schedule C, thus rendering his motion moot; (2) the property he sought to have turned over was not property of the estate; (3) the property he sought to have turned over was not in their possession; (4) their "2008 prorated taxes" were improperly valued; and (5) "the prorated wages through the date of filing [were] subject to prorated claims for expenses, extensions of credit[,] and supplies provided to the Debtors prior to filing bankruptcy with the understanding that the claims would be paid from the Debtors['] wages."

Trustee Allred withdrew his motion for turnover (doc. 33) and filed an objection to Debtors' amended exemptions (doc. 35).  He argued "[D]ebtors have claimed accrued unpaid wages exempt under [S.D.C.L. § ]43-45-2(6) as provisions, which statute does not apply," citing *In re Hogg*, 76 B.R. 735 (Bankr. D.S.D. 1987), *aff'd*, 877 F.2d 691 (8th Cir. 1989).  He also argued "[D]ebtors have claimed bank accounts exempt using a federal exemption, . . . which option is not available to South Dakota

---

[2] To the extent Debtors were trying, by their references to 11 U.S.C. § 541(d), to convey their theory that particular assets were or were not property of the estate within the meaning of 11 U.S.C. § 541(a), they would have been better served to have conveyed that information on their schedule B (personal property) or their statement of financial affairs (question 14).

[3] Debtors filed an earlier, seemingly identical, response to Trustee Allred's motion (doc. 26).  However, they withdrew that earlier response (doc. 27).

Re:  *Leroy Dennis Benedict and Betty L. Fairbanks-Benedict*
January 23, 2009
Page 3

debtors."

Debtors filed a response to Trustee Allred's objection to their amended exemptions (doc. 36).  They argued while the Court in *Hogg* denied an exemption in cash the debtors intended to use to purchase provisions, their wages had actually been used to purchase provisions.  They also argued 11 U.S.C. § 541(d) applies to all debtors in all jurisdictions and for the first time suggested their wages were subject to S.D.C.L. § 55-1-6 (which governs implied trusts), stating:  "Debtors received the benefits of provisions and supplies furnished to them with the expectation they would use their wages to pay for the things provided, and their wages were used for those provisions."  Debtors did not mention their bank accounts.

Trustee Allred filed an amended objection to Debtors' exemptions (doc. 41).  He reiterated his argument that Debtors could not claim their wages exempt under S.D.C.L. § 43-45-2(6), again citing *Hogg*, 76 B.R. at 745.  He also argued Debtors held "full legal and equitable right, title[,] and interest" in their bank accounts and thus 11 U.S.C. § 541(d) did not apply to those bank accounts "in any way."

Debtors filed a response to Trustee Allred's amended objection to their amended exemptions (doc. 44).[4]  They renewed their earlier response to Trustee Allred's original objection and stated they "[did] not have possession of any cash claimed exempt under [S.D.C.L. §] 43-45-2(6).  Those provisions and supplies have already been acquired, paid for, and consumed."  They also reiterated their position that 11 U.S.C. § 541(d) must be considered in conjunction with S.D.C.L. § 43-45-2(6) and S.D.C.L. § 55-1-6.  Debtors again did not mention their bank accounts.

Trustee Allred then filed a Motion for Sanctions (doc. 48), the matter that is presently before the Court.  He argued Debtors could not make a nonfrivolous argument in support of either their contention that their accrued but unpaid wages were exempt under S.D.C.L. § 43-45-2(6) or their contention that their bank accounts were excluded from the estate under 11 U.S.C. § 541(d).

Debtors filed a response to Trustee Allred's Motion for Sanctions (doc. 49).  They argued their accrued wages and their bank accounts were subject to an implied

---

[4] Debtors' response was not timely filed, and the Court entered an order sustaining Trustee Allred's amended objection (doc. 42).  On Debtors' equitable motion for relief (doc. 43), the Court vacated that order (doc. 47), and Debtors' response was deemed timely filed.

Re: *Leroy Dennis Benedict and Betty L. Fairbanks-Benedict*
January 23, 2009
Page 4

trust under S.D.C.L. §§ 55-1-6 through 55-1-11[5] and were thus excluded from the bankruptcy estate, citing *N.S. Garrott & Sons v. Union Planters National Bank of Memphis* (*In re N.S. Garrott & Sons*), 772 F.2d 462, 467 (8th Cir. 1985).[6] They also argued, having spent their wages and the funds in their bank accounts for provisions, they had done all *Hogg* required them to do to be permitted to claim those assets exempt under S.D.C.L. § 43-45-2(6).[7]

The Court held an evidentiary hearing on Trustee Allred's amended objection to Debtors' amended exemptions (doc. 53). Debtors offered the testimony of Debtor Betty Fairbanks-Benedict. At the conclusion of the hearing, the Court sustained Trustee Allred's amended objection.[8] The Court also afforded both Trustee Allred and Debtors the opportunity to submit additional authority regarding Trustee Allred's Motion for Sanctions.

Trustee Allred filed a brief in support of his Motion for Sanctions (doc. 55). Debtors did not file a brief in support of their response to Trustee Allred's motion for sanctions. The matter was taken under advisement.

**Discussion.** By his motion, Trustee Allred asks the Court to impose sanctions against Debtors and their attorney pursuant to Fed.R.Bankr.P. 9011, which provides in pertinent part:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry

---

[5] This was the first time Debtors suggested S.D.C.L. § 55-1-11 had any bearing on the case.

[6] As noted above, Debtors claimed "$0.00" of their accrued but unpaid wages exempt (or excluded from the bankruptcy estate) under 11 U.S.C. § 541(d). Even if § 541(d) were an exemption statute – which it is not – such a claim of exemption would exempt nothing. *In re David Giere and Nancy A. Giere*, Bankr. No. 04-10297, slip op. at 1 (Bankr. D.S.D. Apr. 12, 2005) (citing *Soost v. NAH, Inc.* (*In re Soost*), 262 B.R. 68, 72 (B.A.P. 8th Cir. 2001). The same reasoning leads to the conclusion that such an exclusion excludes nothing.

[7] At no time have Debtors claimed their bank accounts exempt under S.D.C.L. § 43-45-2(6).

[8] Debtors did not appeal the Court's order sustaining Trustee Allred's amended objection to their amended exemptions.

Re: *Leroy Dennis Benedict and Betty L. Fairbanks-Benedict*
January 23, 2009
Page 5

> reasonable under the circumstances, –
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed.R.Bankr.P. 9011(b). Debtors signed a declaration concerning their schedules, including their schedule C (doc. 1), and their amended schedule C (doc. 22). Debtors' attorney filed Debtors' schedules, including their schedule C (doc. 1), and their amended schedule C (doc. 22), and signed Debtors' response to Trustee Allred's motion for turnover (doc. 30), their response to Trustee Allred's objection to exemptions (doc. 36), their response to Trustee Allred's amended objection to exemptions (doc. 44), and their response to Trustee Allred's Motion for Sanctions (doc. 49). Debtors are thus potentially liable for a violation of Rule 9011 only with respect to their schedules and their amended schedule C. Debtors' attorney, on the other hand, is potentially liable for a violation of Rule 9011 with respect to each of the listed papers.

Rule 9011 is designed to prevent abuses of the bankruptcy process by parties and their attorneys. *In re Paul Huffman*, Bankr. No. 94-50106, slip op. at 4 (Bankr. D.S.D. Feb. 15, 1995); *In re Coones Ranch, Inc.*, Bankr. 91-40183, slip op. at 10 Bankr. D.S.D. Mar. 9, 1992), *aff'd sub nom. Grunewaldt v. Mutual Life Ins. Co. of New York* (*In re Coones Ranch, Inc.*), 7 F.3d 740 (8th Cir. 1993). The determination of whether a violation has occurred is within the court's discretion. *Huffman*, Bankr. No. 94-50106, slip op. at 4.

With respect to their accrued but unpaid wages, Debtors' legal contention was those wages were provisions within the meaning of S.D.C.L. § 43-45-2(6), which permits a debtor to claim absolutely exempt "[t]he provisions for the debtor and his family necessary for one year's supply, either provided or growing, or both, and fuel necessary for one year;" S.D.C.L. § 43-45-2(6). Section 43-45-2(6), however, does not permit a debtor to exempt other assets that could be converted into provisions.

Re: *Leroy Dennis Benedict and Betty L. Fairbanks-Benedict*
January 23, 2009
Page 6

> The statute's language clearly suggests that the debtor must have these provisions and/or fuel *in hand* and not just cash with the intent to purchase fuel and provisions. Appropriate prebankruptcy estate planning suggests that the debtors should have "provisioned" themselves prior to filing.

*Hogg*, 76 B.R. at 745 (emphasis added).

Debtors' argument that they used their accrued but unpaid wages to pay for provisions overlooks the obvious fact that on the petition date, those accrued but unpaid wages were just that, accrued but unpaid wages.[9] Debtors' post-petition receipt of those wages and their post-petition use of those wages to purchase various items and pay for various services does not – and indeed cannot – change their fundamental nature *on the petition date*, and it is the petition date that matters. *See Mueller v. Buckley* (*In re Mueller*), 215 B.R. 1018, 1022 (B.A.P. 8th Cir. 1998) (citations therein) ("[A] debtor's right to an exemption is fixed as of the date of his or her filing in bankruptcy."). *See also Armstrong v. Peterson* (*In re Peterson*), 897 F.2d 935, 936 (8th Cir. 1990) ("Code section 522(b)(2)(A) permits debtors to exempt from the bankruptcy estate any property that is exempt under federal, state, or local law applicable on the date of filing the petition."); *In re Joel Lawrence Torigian and Diane June Torigian*, Bankr. 95-10202, slip op. at 2-3 (Bankr. D.S.D. Jul. 5, 1996) (citations therein) ("A debtor's entitlement to an exemption is determined on the day he files his bankruptcy petition.").

Debtors' accrued but unpaid wages can no more be said to be provisions within the meaning of S.D.C.L. § 43-45-2(6) than the $5,000 in the debtor's checking account in *Hogg*. Debtors' legal contention that those wages were provisions within the meaning of S.D.C.L. § 43-45-2(6) is not warranted by existing law. Moreover, in their various responses and at the evidentiary hearing, Debtors failed to make a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.[10] Debtors and their attorney have thus violated Rule 9011(b)(2).

With respect to their bank accounts, Debtors' legal contention was those

---

[9] Perhaps without meaning to, Debtors even conceded this point. As noted above, Debtors did not list their accrued but unpaid wages or claim them exempt on their original schedule C. However, when they amended their schedule C, Debtors themselves described those accrued but unpaid wages as wages, not provisions.

[10] Debtors did not claim *Hogg* was wrongly decided.

Re:  *Leroy Dennis Benedict and Betty L. Fairbanks-Benedict*
January 23, 2009
Page 7

accounts were excluded from the bankruptcy estate pursuant to 11 U.S.C. § 541(d), which provides:

> Property in which the debtor holds, *as of the commencement of the case*, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d) (emphasis added).  Debtors argued they held bare legal title to their bank accounts,[11] subject to an implied trust imposed under S.D.C.L. § 55-1-6 on those accounts to protect the interests of suppliers and creditors who held checks that had not cleared the bank when Debtors filed their chapter 7 petition.[12]

Under South Dakota law, "[a]n implied trust is one which is created by operation of law.  An implied trust arises in the cases described in §§ 55-1-7 to 55-1-10, inclusive."  S.D.C.L. § 55-1-6.  Such a trust may arise when one wrongfully detains a thing belonging to another, S.D.C.L. § 55-1-7; when one gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, S.D.C.L. § 55-1-8; when one receives property that is transferred in violation of a trust, S.D.C.L. § 55-1-9; or when one receives real property and the consideration for the transfer is paid by or for another, S.D.C.L. § 55-1-10.  An implied trust may also arise in other cases not enumerated in §§ 55-1-7 through -10 pursuant to the custom and practice of courts of equity.  S.D.C.L. § 55-1-11.

At the hearing on Trustee Allred's amended objection to their amended exemptions, Debtors conceded §§ 55-1-9 and -10 were inapposite, and despite repeated inquiries from the Court, Debtors' attorney could not identify the specific act or acts on the part of Debtors that implicated either § 55-1-7 or § 55-1-8.  Debtor Betty Fairbanks-Benedict was both likeable and credible, but her testimony did nothing

---

[11] This directly contradicts Debtors' schedule B (personal property) (doc. 1), which Debtors have never amended, and which lists both accounts without any suggestion Debtors' ownership of those accounts was limited in any way.

[12] Debtors did not identify any proceeding in which a creditor had asked that an implied trust be imposed on Debtors' bank accounts, much less any proceeding in which a court had in fact imposed an implied trust on their bank accounts.

Re:  *Leroy Dennis Benedict and Betty L. Fairbanks-Benedict*
January 23, 2009
Page 8

to advance Debtors' case.  To the contrary, her testimony confirmed Debtors had not done anything that would subject their bank accounts to the imposition of an implied trust, and Debtors did not offer any other evidence.

At the hearing, Debtors also argued the South Dakota Supreme Court held in *Banner Health System v. Long*, 663 N.W.2d 242 (S.D. 2003), there did not have to be a wrongful act for an implied trust to be imposed.  Relying on S.D.C.L. § 55-1-11, the South Dakota Supreme Court actually held:

> An implied trust is used by the courts as a remedial device to restore the status quo and is therefore utilized when "a person owning title to property is under an equitable duty to convey it to another because he would be unjustly enriched if he were permitted to retain it."

*Banner Health System*, 663 N.W.2d at 247 (citing *Knock v. Knock*, 120 N.W.2d 572, 576 (S.D. 1963)).  Debtors, however, were unable to explain how they were unjustly enriched in this case and offered no evidence that they were in fact unjustly enriched. The best they could do was argue they "would have been" unjustly enriched if the outstanding checks had not cleared post-petition.  "Would have been" is, of course, another way of saying "were not," and if Debtors were not unjustly enriched, there would be no basis for imposing an implied trust on their bank accounts under *Banner Health System*.  Moreover, Debtors' argument overlooks the fact that upon the filing of Debtors' petition, the funds in their bank accounts belonged to the bankruptcy estate, not to Debtors.[13]

> [Debtor] had a legally recognized interest in his checking account when he filed for bankruptcy, and "checking account balances become 'property of the estate' once a bankruptcy petition is filed."  We agree with the trustee that the funds transferred by the checks are property of the estate.

*Brown v. Pyatt* (*In re Pyatt*), 486 F.3d 423, 427 (8th Cir. 2007) (citation omitted). Upon the filing of Debtors' petition, whether Debtors "would have been" unjustly enriched thus became completely irrelevant.

---

[13] Debtors' argument also overlooks the fact that if Debtors *had* been unjustly enriched, that unjust enrichment would have been because – and to the extent – of the goods and services they received.  Under those circumstances, it would seem any implied trust would need to be imposed on those goods and services, not Debtors' bank accounts.

Re: *Leroy Dennis Benedict and Betty L. Fairbanks-Benedict*
January 23, 2009
Page 9

Debtors cited several other cases in their response to Trustee Allred's Motion for Sanctions. However, as Trustee Allred pointed out in his brief, each of those cases is easily distinguished from this case, and none of those cases support the imposition of an implied trust on Debtors' bank accounts. Debtors' legal contention that their bank accounts were excluded from the bankruptcy estate pursuant to 11 U.S.C. § 541(d) and S.D.C.L. §§ 55-1-6 through -11 is not warranted by existing law. Moreover, in their various responses and at the evidentiary hearing, Debtors failed to make a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. Debtors and their attorney have thus violated Rule 9011(b)(2) a second time.[14]

The Court may not impose monetary sanctions against Debtors for their violations of Rule 9011(b)(2), because they were represented by an attorney. Fed.R.Bankr.P. 9011(c)(2)(A). The Court must therefore determine an appropriate sanction against their attorney.

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

Fed.R.Bankr.P. 9011(c)(2) (in pertinent part).

Ideally, a simple directive to "go forth and sin no more" would deter Debtors' attorney from future violations of Rule 9011. However, because this is not the first time Debtors' attorney has filed an indefensible claim of exemptions,[15] and because of the protracted record and the fruitless hearing in this case, the Court is not

---

[14] The Court would apply the same analysis and reach the same conclusion regarding any legal contention that Debtors' accrued but unpaid wages were excluded from the bankruptcy estate pursuant to 11 U.S.C. § 541(d). Moreover, irrespective of that analysis, and as noted above, by claiming "$0.00" of their accrued but unpaid wages exempt (or excluded from the bankruptcy estate) under § 541(d), Debtors did not exclude any portion of those wages from the bankruptcy estate.

[15] Trustee Allred also had to object to the improper claim of exemptions Debtors' attorney filed in *In re Larry Charles Mefferd and Julie Ann Mefferd*, Bankr. No. 08-30034 (Bankr. D.S.D. Sept. 23, 2008) (bench ruling).

Re: *Leroy Dennis Benedict and Betty L. Fairbanks-Benedict*
January 23, 2009
Page 10

persuaded that would suffice.  Moreover, such a limited sanction would be unlikely to deter others similarly situated, who might easily conclude they, too, could have "one bite of the apple" rather than do their legal homework before filing a paper with the Court.

The Court also cannot ignore the effect of Debtors' and their attorney's violations of Rule 9011(b)(2) on the bankruptcy estate.  In his brief, Trustee Allred indicated he had spent more than seven hours, not including his travel time between Aberdeen and Pierre to attend the evidentiary hearing, on matters related to his objections to Debtors' claim of exemptions.  It would be inequitable to require the bankruptcy estate – or Trustee Allred, if the estate has insufficient funds – to bear that cost.

Trustee Allred suggested a monetary sanction of $1,000.  For all the reasons discussed above, the Court concludes that amount is both reasonable and warranted for effective deterrence.  The Court will enter an appropriate order.

Sincerely,

Charles L. Nail, Jr.
Bankruptcy Judge

cc:    case file (docket original; serve parties in interest)

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered
on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota